IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT D. WELKER,<br><br>        Plaintiff,<br>    vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant.<br>_____/ | CASE NO. CV-F-03-6363 LJO<br><br>**ORDER ON MOTION FOR ATTORNEY FEES**<br>(Doc. 12.) |

## INTRODUCTION

In this action reviewing administrative denial of Social Security benefits to plaintiff Herbert D. Welker ("plaintiff"), plaintiff's attorney seeks, under 42 U.S.C. § 406(b) ("section 406(b)"), a $11,000 attorney fee for work before this Court to obtain an award for plaintiff's past-due benefits. On June 16, 2005, plaintiff's attorney filed his motion for section 406(b) attorney fees. On July 25, 2005, defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), filed her response to indicate that plaintiff's attorney appears entitled to the requested fees and that the Commissioner is not in a position to stipulate to the requested fees in that the matter is between plaintiff and his attorney.

## BACKGROUND

In 1993, plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and for Supplemental Security Income under Title XVI 42 U.S.C. §§ 1381-1381d. Plaintiff entered into a September 15, 2003 fee agreement to pay his attorney 25 percent

"of the backpay awarded of any unfavorable ALJ [Administrative Law Judge] decision for work before the court." On February 25, 2004, after this Court's remand, the ALJ issued his decision to find plaintiff eligible for disability insurance benefits and SSI commencing March 7, 1992. With its June 5, 2005 notice, SSA informed plaintiff that his past due benefits are $156,542 and that SSA withholds a portion of the past due benefits for potential attorney fees.

Plaintiff's attorney seeks $11,000 for 8.6 hours of attorney and 4.5 hours of paralegal work before this Court subject to a $1,600 reimbursement to plaintiff for fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. From the papers of plaintiff's attorney, this Court surmises the $11,000 requested attorney fees is calculated as follows:

1. $272.72 hourly attorney rate[1] multiplied by 8.6 hours equals $2,345.40;
2. $130.91 hourly paralegal rate multiplied by 4.5 hours equals $589;
3. $2,345.40 plus $589 equals $2,934.40; and
4. $2,934.40 multiplied by 3.71 contingency factor equals $10,886.62 and rounded to $11,000.

## DISCUSSION

Section 406(b)(1)(A) addresses attorney fees in Social Security cases and provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

Section 406(b)(1)(A) calls for court review of contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 152 L.Ed.2d 996, 1011 (2002). The United States Supreme Court has further observed:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services provided.

---

[1] Plaintiff's attorney bases the proposed hourly rates on *The 2000 Small Law Firm Economic Survey* with inflation adjustments.

> . . .
>
> If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1011-1012.

Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements. *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1012. "Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms." *McGuire v. Sullivan*, 873 F.2d 974, 983 (9th Cir. 1989). Lastly, an EAJA award offsets an award under section 406(b) so that the amount of total past-due benefits the claimant receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits. *See Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1004.

Before this Court, plaintiff's attorney successfully sought remand to the ALJ who awarded plaintiff past-due benefits. The requested fees are well within the 25 percent limit and with an offset will account for the prior $1,600 EAJA award. The Commissioner does not challenge the requested attorney fees and notes that "the number of hours appears reasonable." The requested attorney fee is not unreasonable.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS the motion of plaintiff's attorney for a $11,000 attorney fee subject to a $1,600 offset for the prior EAJA award.

IT IS SO ORDERED.

**Dated:   July 26, 2005**          **/s/ Lawrence J. O'Neill**
66h44d                                          UNITED STATES MAGISTRATE JUDGE